UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1. STEVEN DENNISON )<br>  )<br>             Plaintiff, )<br>  )<br> vs. )<br>  )<br> 1. NORTHSTAR LOCATION )<br>    SERVICES, LLC )<br>  )<br>             Defendant. )<br>_____ ) | Case No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

PLAINTIFF, STEVEN DENNISON ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"), and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, STEVEN DENNISON ("Plaintiff"), is a natural person residing in Erie County, New York.

4. Defendant, NORTHSTAR LOCATION SERVICES, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

    i. Repeatedly contacting third parties in connection with collection of an alleged debt from Plaintiff, disclosing the existence of the debt to that third party, and refusing to stop calls after repeated requests by that third party to stop the calls, i.e. Defendant continuously contacting Plaintiff's daughter despite being repeatedly advised that she is not in any way connected to the alleged debt and despite

her repeated requests for the Defendant's agents to stop calling and being advised that her doctor ordered her to avoid stress due to a high risk pregnany (§ 1692c(b) & § 1692b(1)(2)(3) & § 1692d));

ii. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

iii. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, i.e. Defendant's collection agents badgering Plaintiff and shouting at them, "I hate people like you! Why did you retire knowing you owed so much money? You refuse to pay your debts and you skip out on your bills!" (§ 1692d(2));

iv. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4)); and

v. Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendants stating to Plaintiff that, despite the underlying debt being over nine (9) years old and well beyond the applicable statute of limitations, Defendant could still hail the Plaintiff into court at any time and survive a motion for dismissal, and, also, that it was of no consequence that the underlying debt was discharged through bankruptcy (§ 1692e(2)(A)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

This **29th** day of July, 2009.

                                        ATTORNEYS FOR PLAINTIFF
                                        *STEVEN DENNISON*

                                        Respectfully submitted,

                                        _____
                                        Dennis R. Kurz
                                        NY Bar No. 4570453
                                        ***Kurz & Fortas, LLC***
                                        Attorneys for Plaintiff
                                        80 Broad Street, 5th Floor
                                        New York, NY 10004
                                        (404) 856-3888
                                        (404) 856-3892 (fax)
                                        dkurz@kurzandfortas.com

***PLEASE SEND ALL CORRESPONDENCE TO:***

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road, Suite 200
Atlanta, Georgia 30319